UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60326-CIV-COHN

DAVID EYE,

    Petitioner,

v.

AL LAMBERTI,

    Respondent.
_____/

### ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the Court on David Eye's Petition for Writ of Habeas Corpus [DE 1] ("Petition"). The Court has considered the Petition and the record in this case, and is otherwise fully advised in the premises.

On February 24, 2012, David Eye filed this Petition on behalf of his wife, Roanne Eye. Petition at 1 ¶ 1. Mrs. Eye is currently in custody pending her sentencing hearing in Criminal Case No. 11-60004-CR-COHN/SELTZER ("Criminal Case"). In the Criminal Case, Mrs. Eye was convicted by a jury of twelve felony offenses, to wit: one count of interference with the administration of the tax laws and eleven counts of filing false claims. She faces a maximum of 58 years in prison.

In the instant Petition, Mr. Eye states that he "requires this court to immediately exercise jurisdiction and demand the immediate discharge of Roanne [Eye]," who he alleges is currently subject to "unlawful seizure and continued custody." Petition at 3. This Petition must be denied because Mr. Eye has no standing to seek such relief on behalf of his wife, and as such, the Court lacks jurisdiction to consider the Petition.

Under 28 U.S.C. § 2242, an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." "In habeas corpus cases, courts have long permitted a next friend to proceed on behalf of a prisoner who is unable to seek relief himself." Ford v. Haley, 195 F.3d 603, 624 (11th Cir. 1999); see also Francis v. Warden, FCC Coleman-USP, 246 Fed. App'x 621, 622 (11th Cir. 2007). However, "next friend status is not automatic, but instead the would-be next friend must first prove that the real party in interest cannot pursue his own cause due to some disability, such as mental incompetence, and must show some relationship or other evidence that demonstrates the next friend is truly dedicated to the interests of the real party in interest." Ford, 195 F.3d at 624 (citing Whitmore v. Arkansas, 495 U.S. 149, 163 (1990)); see also Lonchar v. Zant, 978 F.2d 637, 641 (11th Cir. 1992) (holding that the prerequisites for "next friend" status articulated in Whitmore apply where a "next friend" seeks a writ of habeas corpus on someone's behalf). "Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition." Francis, 246 Fed. App'x at 622 (citing Whitmore, 495 U.S. at 155-56, 163). Mr. Eye has not demonstrated that Mrs. Eye is unable to pursue her own cause due to some disability. Therefore, he lacks standing to bring this action. See Ford, 195 F.3d at 624 (finding attorney lacked standing where real party in interest was mentally competent, but merely chose not to pursue the cause); see also Francis, 246 Fed. App'x at 622 (finding petitioner lacked standing where "petition did not explain why it was necessary for Dennis to submit the petition as a 'next friend,' as it only stated that Dennis was Francis's husband and that he was unable to initiate the

petition from prison").

Further, even if Mr. Eye did have standing to pursue this action on behalf of Mrs. Eye, the Petition would fail on the merits because Mrs. Eye's current incarceration is not unlawful. As described more fully in the Criminal Case, the Court has already denied Mrs. Eye's request for release pending sentencing because she "failed to establish by clear and convincing evidence that she is not likely to flee." See Order Denying Defendant's Motion for Release Pending Sentence [Criminal Case DE 158]. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that David Eye's Petition for Writ of Habeas Corpus [DE 1] is **DENIED**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 28th day of February, 2012.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:
David Eye, *pro se*, via CM/ECF regular mail
151 North Nob Hill Road #120
Plantation, FL 33324